**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**DEMETRIUS CURTIS
ADC #120225**                                                                                                    **PLAINTIFF**

**V.                             CASE NO. 5:14-CV-210 JLH/BD**

**RAY HOBBS, et al.**                                                                                      **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II.   Discussion:

Plaintiff Demetrius Curtis, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983.  (Docket entry #2)  He claims that he should have been released from the ADC in 2011, and that he has been wrongfully held in violation of his due process rights.  He seeks both release from prison and money damages.  Mr. Curtis's claims should be dismissed, without prejudice.

Mr. Curtis seeks release from the ADC, but this kind of relief is not available in an action brought under 42 U.S.C. § 1983.  Rather, if Mr. Curtis believes he is being wrongly detained, his sole remedy is to file a federal habeas corpus petition under 28 U.S.C. § 2254.

Further, under settled law, if a judgment in favor of a prisoner in an action brought under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, the prisoner cannot pursue a claim for damages until the conviction or sentence has been reversed, expunged, or called into question by a state tribunal or federal court.  *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).  Based on *Heck*, Mr. Curtis's demand for damages is premature.

**III.     Conclusion:**

The Court recommends that Mr. Curtis's claims be DISMISSED, without prejudice.  The Court should certify that an *in forma pauperis* appeal would be frivolous and not taken in good faith.

DATED this 9th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE